Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>A&S- STORE, AIZHU STORE, ALBERTA STORE, ANTING-GOLDEN PRODUCT STORE, ANTI-THEFT STORE, B&C GLASSES STORE, BIGTEACHER STORE, CBU STORE, CNEMAI STORE, CRIXALIS ACCESSORIES STORE, CYZY STORE, DEXING JINZHU IMPORT AND EXPORT CO,LTD, DEXING LANGYADE TRADING CO., LTD., DEXING XIANGXING WEIYE WEAVING CO., LTD., DONGGUAN DUOCAI TOYS FITTING CO., LTD., FRIENDS PARTY STORE, FUJIAN LOUMEI TECHNOLOGY CO., LTD., FUZHOU JOINED IMPORT & EXPORT CO., LTD., FUZHOU OULILANG TRADING CO., LTD., FUZHOU SHENZHOU TONGGANG TECHNOLOGY CO., LTD., FUZHOU XIANGXING TEXTILE CO., LTD., GUANGDONG XINGHE INTERNATIONAL TRADE CO., LTD., GUANGZHOU SANTA CRAFT GIFTS CO., LTD., HEBEI DUIFENG | CIVIL ACTION NO.<br>22-cv-2869 (PAE)<br><br><br>~~[PROPOSED]~~<br>**PRELIMINARY<br>INJUNCTION ORDER** |

TECHNOLOGY CO., LTD., IANR ACCESSORIES
STORE, LANSHOP STORE, LILIBETH&DANJAL
OFFICIAL STORE, MANYFUN STORE, PALINDA
OFFICIAL STORE, PGL STORE STORE,
QINGFANG STORE, QUANZHOU BIG
CHESTNUT ELECTRONIC COMMERCE CO.,
LTD., QUANZHOU REDAIBULUO TRADE CO.,
LTD., ROSEMARY ACCESSORIES STORE,
SARACOCO OFFICIAL STORE, SHENZHEN FU
DA RUI TRADING CO., LTD., SHENZHEN HL
CO., LTD., SHENZHEN HUIBOXIN
ELECTRONICS CO., LTD., SHENZHEN HUWANG
SILICONE RUBBER PRODUCTS CO., LTD.,
SHENZHEN SHUNTUOXIN ELECTRONICS
TECHNOLOGY CO., LTD., SHENZHEN WEIEN
TECH CO., LTD., SHENZHEN XIANGXING
WEIYE INDUSTRY AND TRADE CO., LTD.,
SHENZHEN YI MING SHANG INDUSTRIAL
DEVELOPMENT CO., LTD., SHIJIAZHUANG
ZHUIXIN TRADING CO., LTD., SHOP5371341
STORE, SHOP910564282 STORE, STH-SU STORE,
SUNGLASSES EXPERT STORE, TCGAD
OFFICIAL STORE, TEGAOTE BAGS STORE,
TLZW FIGURES STORE, TOYS COLLECTION
STORE, TRENDY TODAY STORE, TY BEANIE
STORE, UPPER FORWARD HEALTHY STORE,
WENVVEN STORE, WUXI PROSPECTCROWN
INTERNATIONAL TRADE CO., LTD., XJMIGO
STORE, YIWU JINGSHENG CRAFTS CO., LTD.,
YIWU QIRUI COMMODITY FACTORY, YIWU
XINGSHENG TRADING CO., LTD., YUEQING
OUYUE FOREIGN TRADE CO., LTD., ZANE
STORE, ZHENGZHOU BLACKWELL CLOTHING
CO., LTD., ZHONGHAI2 STORE and ZXY1164
STORE,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Off-White** | Off-White LLC |
| **Defendants** | A&S- Store, AiZhu Store, Alberta Store, Anting-Golden Product Store, Anti-Theft Store, B&C Glasses Store, bigteacher Store, CBU Store, cnemai Store, CRIXALIS Accessories Store, CYZY Store, Dexing Jinzhu Import and Export Co,LTD, Dexing Langyade Trading Co., Ltd., ~~Dexing Xiangxing Weiye Weaving Co., Ltd.~~, Dongguan Duocai Toys Fitting Co., Ltd., Friends party Store, Fujian Loumei Technology Co., Ltd., Fuzhou Joined Import & Export Co., Ltd., Fuzhou Oulilang Trading Co., Ltd., Fuzhou Shenzhou Tonggang Technology Co., Ltd., Fuzhou Xiangxing Textile Co., Ltd., Guangdong Xinghe International Trade Co., Ltd., Guangzhou Santa Craft Gifts Co., Ltd., Hebei Duifeng Technology Co., Ltd., IANR Accessories Store, Lanshop Store, Lilibeth&Danjal Official Store, ManyFun Store, PALINDA Official Store, PGL Store Store, Qingfang Store, Quanzhou Big Chestnut Electronic Commerce Co., Ltd., Quanzhou Redaibuluo Trade Co., Ltd., Rosemary Accessories Store, SARACOCO Official Store, Shenzhen Fu Da Rui Trading Co., Ltd., Shenzhen HL Co., Ltd., Shenzhen Huiboxin Electronics Co., Ltd., Shenzhen Huwang Silicone Rubber Products Co., Ltd., Shenzhen Shuntuoxin Electronics Technology Co., Ltd., Shenzhen Weien Tech Co., Ltd., Shenzhen Xiangxing Weiye Industry And Trade Co., Ltd., Shenzhen Yi Ming Shang Industrial Development Co., Ltd., Shijiazhuang Zhuixin Trading Co., Ltd., Shop5371341 Store, Shop910564282 Store, STH-SU Store, Sunglasses Expert Store, TCGAD Official Store, TEGAOTE bags Store, TLZW Figures Store, Toys Collection Store, Trendy Today Store, Ty Beanie Store, Upper Forward Healthy Store, WenVVen Store, Wuxi Prospectcrown International Trade Co., Ltd., XJMIGO Store, Yiwu Jingsheng Crafts Co., Ltd., Yiwu Qirui Commodity Factory, Yiwu Xingsheng Trading Co., Ltd., Yueqing Ouyue Foreign Trade Co., Ltd., Zane Store, Zhengzhou Blackwell Clothing Co., Ltd., zhonghai2 Store and zxy1164 Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to |

| | |
|---|---|
| | consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Igel Dec.** | Declaration of Brian Igel in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Off-White Products** | A young, successful luxury fashion label founded by the late American creative designer Virgil Abloh, specializing in men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, homeware and other ready-made goods |
| **Off-White Marks** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for  for a variety of goods in Class 18 and 25; 5,710,288 for  for a variety of goods in Class 14; 5,307,806 for  for a variety of goods in Class 18 and 25; 6,303,583 for  for a variety of goods in Class 25; 5,835,552 for |

 for a variety of goods in Class 9; 5,387,983 for  for a variety of goods in Class 25; 5,445,222 for  for a variety of goods in Class 25; 5,800,414 for  for a variety of goods in Class 9 and 25; 5,681,805 for  for a variety of goods in Class 9; 5,663,133 for  for a variety of goods in Class 25; 6,054,044 for  for a variety of goods in Class 25; 6,272,565 for  for a variety of goods in Class 25; 6,290,768 for  for a variety of goods in Class 25; 6,114,562 for  for a variety of goods in Class 25; 6,131,346 for  for a variety of goods in Class 18; 6,035,585 for  for a variety of goods in Class 25; 6,137,880 for  for a variety of goods in Class 25; 6,505,708 for  for a variety of goods in Class 14; 6,002,434 for  for a variety of goods in Class 25; 6,126,306 for  for a variety of goods in Class 25; and

| | |
|---|---|
| | 6,681,777 for  for a variety of goods in Class 25 |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace |

|  | platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

WHERAS, Plaintiff having moved *ex parte* on April 7, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on the same day, April 7, 2022, ("TRO") which ordered Defendants to appear on April 20, 2022 at 9:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 20, 2022 at 9:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared;

WHEREAS, on April 20, 2022, the Court entered a second temporary restraining order ("Second TRO") extending the relief previously granted in the TRO, and directing Defendants to appear on May 4, 2022 at 9:00 a.m. to show cause why a preliminary injunction should not issue ("Second Show Cause Hearing");

WHEREAS, on April 21, 2022, pursuant to the alternative methods of service authorized by the TRO and the Second TRO, Plaintiff served the Summons, Complaint, Second TRO, and all papers filed in support of the Application on each and every Defendant, except for Defendant Dexing Xiangxing Weiye Weaving Co., Ltd.;

WHEREAS, on May 4, 2022 at 9:00 a.m., Plaintiff appeared at the Second Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of

Civil Procedure 65 and Section 34 of the Lanham Act.

a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Off-White Marks and/or Off-White marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

    ii. directly or indirectly infringing in any manner Plaintiff's Off-White Off-White Marks;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or service not authorized by Plaintiff;

    iv. using Plaintiff's Off-White Marks and/or any other marks that are confusingly similar to the Off-White Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of

any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or

paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above and I(c)(i) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

ii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(iv), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this

Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i.    account numbers;

   ii.    current account balances;

   iii.    any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts including, but not limited to, names, addresses and contact information;

   iv.    any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v.    any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and

account statements; and

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history

and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Off-White Marks.

3.    As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

a)    delivery of: (i) a PDF copy of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO.

4.    As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

5.    As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is

completed by the following means:

    a)  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

    c)  delivery of: delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com

    d)  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com; and

    e)  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

6.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 4th day of _May_, 2022, at 9:45 a.m.
New York, New York

_Paul A. Engelmayer_

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE