UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>Plaintiff,<br><br>-v-<br><br>A&S STORE, *et al.*,<br><br>Defendants. | 22 Civ. 2869 (PAE) (BCM)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion for default judgment by plaintiff Off-White LLC against 31 defendants (the "Defaulting Defendants"),[1] on claims alleging violations of federal trademark law and New York common law.

The Court earlier entered a default as to liability, and referred the case to Magistrate Judge Barbara C. Moses for an inquest as to damages. Dkt. 41. Before the Court is Judge Moses's December 30, 2025 Report and Recommendation. It recommends that the Court award statutory damages of $375,000—$75,000 for each of five defendants—while concluding that the Court lacked personal jurisdiction over the remaining defendants. Dkt. 49 (the "Report"). On January 7, 2026, Off-White moved this Court for an order directing two online marketplaces—Alibaba and AliExpress—to comply with the Court's earlier order granting expedited discovery. Dkt. 53. On January 20 and 21, 2026, Alibaba and AliExpress complied with this request, and

[1] Plaintiff commenced this action against 66 defendants. Dkt. 1. Thereafter, and prior to December 30, 2025, it voluntarily dismissed its claims against 14 of these 66 defendants, leaving a "total of 52" defendants at the time of the Report's writing. Dkt. 49 ("Report") at 1 n.1. On January 27 and March 6, 2026, plaintiff voluntarily dismissed its claims against 21 additional defendants. Dkts. 57 (dismissing 20 defendants), 60 (dismissing one defendant). Accordingly, only 31 defendants remain in this action.

discovery confirmed that all 31 Defaulting Defendants had "completed a transaction to a consumer in New York," supporting personal jurisdiction as to each. Dkt. 59. On March 5, 2026, Off-White, on this basis, objected to the Report, arguing the Court had jurisdiction over all 31 Defaulting Defendants based on the "highly interactive" websites they operated, and the new information Off-White supplied showing these defendants' New York transactions. *Id*. at 2–4.

For the following reasons, the Court adopts the Report's calculation as to the proper statutory damages per defendant, but finds that it has personal jurisdiction over all 31 Defaulting Defendants. Accordingly, the Court holds that Off-White should be awarded $75,000 as to each of the 31 Defaulting Defendants, totaling $2,325,000 plus post-judgment interest at the federal rate.

## I. Background

The Court incorporates by reference the account of the facts in the Report. The following summary is limited to the facts necessary for resolution of the discrete issues presented here.

Off-White is a luxury fashion label that specializes in "high-end lifestyle streetwear" as well as "accessories, jewelry, homeware, and other ready-made goods." Dkt. 10 ("Compl.") ¶ 7. Its products are marketed under registered trademarks OFF-WHITE and OFF-WHITE c/o VIRGIL ABLOH. *Id.* ¶ 8. Off-White commenced this action, *ex parte*, on April 6, 2022, seeking a preliminary injunction and temporary restraining order ("TRO") against 66 defendants,[2] which it contended were "located in China" but "conduct business in the U.S. and

[2] The original defendants were: A&S- Store; AiZhu Store; Alberta Store; Anting-Golden Product Store; Anti-Theft Store; B&C Glasses Store; bigteacher Store; CBU Store; cnemai Store; CRIXALIS Accessories Store; CYZY Store; Dexing Jinzhu Import and Export Co, Ltd.; Dexing Langyade Trading Co., Ltd.; Dexing Xiangxing Weiye Weaving Co., Ltd.; Dongguan Duocai Toys Fitting Co., Ltd.; Friends party Store; Fujian Loumei Technology Co., Ltd.; Fuzhou Joined Import & Export Co., Ltd.; Fuzhou Oulilang Trading Co., Ltd.; Fuzhou Shenzhou Tonggang Technology Co., Ltd.; Fuzhou Xiangxing Textile Co., Ltd.; Guangdong Xinghe International

other countries by means of their User Accounts and Merchant Storefronts on Alibaba and/or AliExpress as well as potentially yet undiscovered additional online marketplace platforms." *Id*. ¶ 24. On April 7, 2022, the Hon. Katherine Polk Failla granted the TRO and set a show cause hearing for April 20, 2022. *See* Dkt. 41. On April 20, 2022, after the case was assigned to this Court, the Court issued a revised TRO that froze assets associated with the defendants' financial accounts, authorized alternative means of service, and granted Off-White's request for expedited discovery. Dkt. 18. Salient here, the Court found sufficient cause to order expedited discovery, requiring:

> [T]he Third Party Service Providers [*e.g.* Alibaba and AliExpress] shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiffs counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

*Id*. at 13.

AliBaba and AliExpress were also directed to provide Off-White with:

---

Trade Co., Ltd.; Guangzhou Santa Craft Gifts Co., Ltd.; Hebei Duifeng Technology Co., Ltd.; IANR Accessories Store; Lanshop Store; Lilibeth&Danjal Official Store; ManyFun Store; PALINDA Official Store; PGL Store Store; Qingfang Store; Quanzhou Big Chestnut Electronic Commerce Co., Ltd.; Quanzhou Redaibuluo Trade Co., Ltd.; Rosemary Accessories Store; SARACOCO Official Store; Shenzhen Fu Da Rui Trading Co., Ltd.; Shenzhen HL Co., Ltd.; Shenzhen Huiboxin Electronics Co., Ltd.; Shenzhen Huwang Silicone Rubber Products Co., Ltd.; Shenzhen Shuntuoxin Electronics Technology Co., Ltd.; Shenzhen Weien Tech Co., Ltd.; Shenzhen Xiangxing Weiye Industry And Trade Co., Ltd.; Shenzhen Yi Ming Shang Industrial Development Co., Ltd.; Shijiazhuang Zhuixin Trading Co., Ltd.; Shop5371341 Store; Shop910564282 Store; STH-SU Store; Sunglasses Expert Store; TCGAD Official Store; TEGAOTE bags Store; TLZW Figures Store; Toys Collection Store; Trendy Today Store; Ty Beanie Store; Upper Forward Healthy Store; WenVVen Store; Wuxi Prospectcrown International Trade Co., Ltd.; XJMIGO Store; Yiwu Jingsheng Crafts Co., Ltd.; Yiwu Qirui Commodity Factory; YiWu Xingsheng Trading Co., Ltd.; Yueqing Ouyue Foreign Trade Co., Ltd.; Zane Store; Zhengzhou Blackwell Clothing Store, Ltd.; Zhonghai2 Store; ZXY1164 Store.

> [T]he nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and *Defendants' Merchant Storefronts, a full accounting of Defendants' sales history* and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts;

*Id.* at 15 (emphasis added).

On May 4, 2022, the Court held a show cause hearing—at which none of the 66 defendants appeared—and later converted the TRO into a preliminary injunction. Dkt. 18. _On October 11, 2022, Off-White moved for default judgment against the defendants remaining in the action at that time, having dismissed its claims against certain defendants. Dkts. 30–36. On November 1, 2022, the Court issued an order to show cause, giving defendants until November 22, 2022 at 5 p.m. to oppose Off-White's default judgment motion and directing Off-White to effect service on defendants. Dkt. 38. On December 6, 2022, the Court granted Off-White's default judgment motion against all remaining defendants, Dkt. 41 at 4, and referred the case to Judge Moses to conduct an inquest as to damages and Off-White's request for a preliminary injunction. *Id.*

On January 9, 2023, Off-White filed proposed findings of fact and conclusions of law in the inquest action. Dkt. 44. As to personal jurisdiction, Off-White filed an affidavit from counsel representing that:

- Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through User Accounts on Alibaba and/or AliExpress and potentially through as yet undiscovered User Accounts on other online marketplace platforms, through which consumers in the U.S., including New York, can view the one or more Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

- Defendants offer for sale and/or sell Counterfeit Products in wholesale quantities at significantly below-market prices to consumers worldwide, including to consumers in the U.S., and specifically in New York.

- All Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address.

- Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

*Id*. ¶ 15.

Off-White further represented that it had been "unable to engage in any discovery" because of defendants' defaults. *Id*. ¶ 16. As a result, it stated it was unable to determine the "scope of [defendants'] sales, profits and costs" among other discoverable issues. *Id*.

On December 30, 2025, Judge Moses issued the Report. Dkt. 49. As to personal jurisdiction, Judge Moses observed that "on inquest . . . courts in our Circuit routinely conduct a personal jurisdiction analysis before recommending the entry of a damages award after default." *Id*. at 11–12. The Report accordingly began by assessing whether personal jurisdiction existed as to the Defaulting Defendants. *Id*. It concluded that Off-White had demonstrated personal jurisdiction as to five Defaulting Defendants,[3] as to whom it had submitted "screenshots of the merchants' 'checkout' pages, showing the items to be purchased, the price, and the address it was to be shipped, as well as the 'order confirmation' pages, showing the order was actually placed and payment was made." *Id*. at 17. But, for the remaining Defaulting Defendants, the Report found the Court lacked personal jurisdiction, because Off-White had not identified any actual "transaction" involving New York. *Id*. at 16. And, it observed, despite the expedited discovery the Court had ordered as part of the revised TRO, Off-White had not submitted, for

[3] These five were A&S- Store, AiZhu Store, B&C Glasses Store, IANR Accessories Store, and PGL Store Store.

these defendants, "any evidence showing that these Defaulted Defendants sold or shipped (or accepted payment in exchange for a promise to sell or ship) Counterfeit Products to anyone else in New York." *Id*. at 19. Accordingly, the Report recommended statutory damages, of $75,000, be entered for each of the five defendants over whom there was personal jurisdiction. *Id*. at 34.

## II. Applicable Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169–70 (S.D.N.Y. 2003).

"Within 10 days after being served with a copy of [a magistrate's] recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court shall make a *de novo* determination of those portions of the report to which a party objects. 28 U.S.C. § 636(b)(1). Where a litigant's objections take "issue with a specific legal conclusion in the report and recommendation," they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

## III. Discussion

### A. Principles of Personal Jurisdiction

Off-White asserts it has specific personal jurisdiction over the Defaulting Defendants under both New York Civil Practice Law & Rules ("C.P.L.R.") § 302(a)(1) and (3). Compl. ¶ 3.

Under C.P.L.R. § 302(a)(1), two conditions must be met. First, the defendant must "transact . . . business within the state or contract[ ] anywhere to supply goods or services in the state." C.P.L.R § 302(a)(1). Second, the cause of action must arise from the "act[s] which are the basis of jurisdiction." *Id.* This second condition requires a showing that the contacts with the state had a "substantial relationship" to the cause of action. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). Section 302(a)(1) is a "single act" statute; therefore, the defendant need not have engaged in more than one transaction in, or directed to, New York for New York courts to exercise jurisdiction. *See Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006). Jurisdiction under § 302(a)(1) exists even if "the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (finding personal jurisdiction based on a single transaction where defendant was not physically present in state).

Under section 302(a)(3), a court is permitted to exercise personal jurisdiction over a non-domiciliary defendant "who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state." CPLR § 302(a)(3). Section 302(a)(3) applies only to a defendant that either "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Id.* As this Court has held, such requires no more than proof that "sales by defendants [were made] directly into New York." *Astor Chocolate Corp. v. Elite Gold*

*Ltd.*, 510 F. Supp. 3d 108, 129 (S.D.N.Y. 2020) (Engelmayer, J.); *see, e.g.*, *E. Mishan & Sons, Inc. v. Smart & Eazy Corp.*, No. 18 Civ. 3217 (PAE), 2018 WL 6528496, at *5 (S.D.N.Y. Dec. 12, 2018) (defendant sold several products through third-party website into New York); *Bus. Trends Analysts v. Freedonia Grp., Inc.*, 650 F. Supp. 1452, 1455 (S.D.N.Y. 1987) (defendant hired New York-based company specifically to solicit New York sales and made sales into New York).

Courts tasked with applying these principles to trademark infringement claims against overseas defendants have generally required that those overseas defendants have (1) accepted payment for the allegedly counterfeit products and (2) agreed to ship them to New York. *See Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 273 (2d Cir. 2024). Accordingly, where a plaintiff in such a case has not adduced such evidence as to any transaction involving a sale into New York, courts have declined to extend personal jurisdiction. *See, e.g.*, *Moose Toys Ltd v. Baby&Mommy Kingdom Toy Store*, No. 21 Civ. 2370, 2025 WL 3466662, at *6 (S.D.N.Y. Sept. 19, 2025) (rejecting personal jurisdiction over 32 defendants who had listed products for sale on third-party e-commerce platform where consumers could advance to a checkout page, but the pleadings did not support that plaintiffs, or anyone else, had completed such a transaction involving the allegedly infringing goods); *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (no evidence that a single sale of Alibabacoin occurred in New York or that the majority of visitors to the site were based in New York so as to establish a reasonable probability that at least one New York sale had occurred); *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 365 (S.D.N.Y. 2020), *adhered to in part on reconsideration*, 2020 WL 5350541, at *2 (S.D.N.Y. Sept. 4, 2020) (declining to find personal jurisdiction under

§ 302(a)(3) where plaintiffs did not show that the "Defaulting Defendants . . . made sales to New York").

**B. Application**

The dispute before the Court is narrow: Off-White objects only insofar as it contends the Court has personal jurisdiction over 31 Defaulting Defendants, not just five. Dkt. 59 at 1. It does not challenge the Report's methodology, assert that additional damages beyond statutory damages are in order, or challenge any of the Report's (non-jurisdictional) findings. For the reasons sets forth below, the Court finds that Off-White has adduced new evidence supporting jurisdiction over all remaining Defaulting Defendants.

Specifically, Off-White has adduced new evidence, from discovery obtained since the Report, supporting that each of the 31 defendants completed a transaction involving a consumer with New York.[4] Dkt. 59 at 2–3. It summarizes the evidence obtained from Alibaba as follows:

> By email dated January 20, 2026, Alibaba confirmed via email to Plaintiff's counsel that nine (9) of the remaining Defaulting Defendants, Defendants Dexing Langyade Trading Co., Ltd., Fujian Loumei Technology Co., Ltd., Fuzhou Xiangxing Textile Co., Ltd., Guangdong Xinghe International Trade Co., Ltd., Quanzhou Big Chestnut Electronic Commerce Co., Ltd., Shenzhen Xiangxing Weiye Industry And Trade Co., Ltd., Shenzhen Yi Ming Shang Industrial Development Co., Ltd., Wuxi Prospectcrown International Trade Co., Ltd. and Zhengzhou Blackwell Clothing Co., Ltd., each of whom operate their Merchant Storefronts on Alibaba, *each completed a transaction to a consumer in New York.*

*Id*. at 3 (emphasis added).

It summarizes the evidence obtained from AliExpress as follows:

[4] The Court is at liberty to properly consider this newly obtained evidence—which Off-White represents was obtained on January 20 and 21, 2026—in reviewing the Report and Off-White's objections. *McFadden v. Keyser*, No. 23 Civ. 802, 2026 WL 1415431, at *3 (S.D.N.Y. May 20, 2026) (proper to consider newly discovered evidence); *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) ("[I]t lay within the discretion of the district court to consider newly presented evidence").

> [B]y email dated January 21, 2026, AliExpress confirmed via email to Plaintiff's counsel that twenty-two (22) of the remaining Defaulting Defendants, Defendants A&S-Store, AiZhu Store, Alberta Store, Anting-Golden Product Store, Anti-Theft Store, B&C Glasses Store, bigteacher Store, CYZY Store, Friends party Store, IANR Accessories Store, Lanshop Store, PALINDA Official Store, PGL Store Store, SARACOCO Official Store, Shop910564282 Store, Sunglasses Expert Store, TEGAOTE bags Store, Upper Forward Healthy Store, WenVVen Store, XJMIGO Store, zhonghai2 Store and zxy1164 Store, each of whom operate their Merchant Storefronts on AliExpress, *completed a transaction to a consumer in New York*

*Id.* (emphasis added).

On this basis, the Court finds that Off-White has demonstrated personal jurisdiction over all 31 Defaulting Defendants, the only remaining defendants in this action.[5] Jurisdiction over these entities is proper under § 302(a)(1), because the "completed transactions" provide grounds to find that each defendant engaged in at least "one transaction" directed to New York. *See Deutsche Bank Sec., Inc.*, 7 N.Y.3d at 71 (2006). Because § 302(a)(1) requires no more than a "single sale," this supports finding defendants purposefully availed themselves of the forum. *See, e.g.*, *WowWee Grp. v. Meirly*, No. 18 Civ. 706, 2019 WL 1375470, at *3 (sales to New York satisfied "[t]he requirements of [§] 302(a)(1)"); *Brady v. Anker Innovations Ltd.*, No. 18 Civ. 11396, 2020 WL 158760, at *5 (same where defendant used its storefront on Amazon to expand its nationwide reach, including through sales to New York); *EnviroCare Techs., LLC v.*

---

[5] The 31 Defaulting Defendants are: A&S- Store*, AiZhu Store*, Alberta Store, Anti-Theft Store, Anting-Golden Product Store, B&C Glasses Store*, bigteacher Store, CYZY Store, Dexing Langyade Trading Co., Ltd., Friends party Store, Fujian Loumei Technology Co., Ltd., Fuzhou Xiangxing Textile Co., Ltd., Guangdong Xinghe International Trade Co., Ltd., IANR Accessories Store*, Lanshop Store, PALINDA Official Store, PGL Store*, Quanzhou Big Chestnut Electronic Commerce Co., Ltd., SARACOCO Official Store, Shenzhen Xiangxing Weiye Industry And Trade Co., Ltd., Shenzhen Yi Ming Shang Industrial Development Co., Ltd., Shop910564282 Store, Sunglasses Expert Store, TEGAOTE bags Store, Upper Forward Healthy Store, WenVVen Store, Wuxi Prospectcrown International Trade Co., Ltd., XJMIGO Store, Zhengzhou Blackwell Clothing Co., Ltd., zhonghai2 Store, zxy1164. The asterisks identify the five defendants over whom the Report found the Court possesses personal jurisdiction. *See* Report at 17.

*Simanovsky,* No. 11 Civ. 3458, 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012) (same where at least one sale to New York through Amazon).

Jurisdiction is also proper under § 302(a)(3). All required elements of that statute are satisfied: Defendants' alleged trademark infringement and dilution constitutes a tortious activity under C.P.L.R. § 302(a)(3)(ii), *see Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 470 (S.D.N.Y. 2008); defendants' sales of the counterfeiting goods to New York consumers injured Off-White through its alleged lost sales and customers, *see id.*; and that defendants filled orders with delivery addresses in New York supports finding they knew their products would enter the New York market, *see id.*; *see Ivoclar Vivadent, Inc. v. Ultident, Inc.,* No. 04 Civ. 0984, 2005 WL 1421805, at *4 (W.D.N.Y. June 15, 2005) (allegations that "defendant's sale and shipment of the Products infringes on plaintiff's trademarks, threatens the distinctive quality of plaintiff's trademark, confuses plaintiff's customers and threatens plaintiff's reputation . . . meets the first two requirements of C.P.L.R § 302(a)(3)." (cleaned up)).

As to the balance of the Reports' recommendations, the Court did not receive any objection to the Report. And there is no basis to depart from these, including the well-reasoned recommendation as to statutory damages. The Court finds, with the Report, that an award of statutory damages of $75,000 per Defaulting Defendant, which is within the range set forth in 15 U.S.C. § 1117(c), is supported by the circumstances here.

## CONCLUSION

For the foregoing reasons, the Court grants the award to Off-White of $2,325,000 million in statutory damages under the Lanham Act. Off-White is also entitled to post-judgment interest on this judgment amount. Additionally, the Court adopts Judge Moses's recommendation that Off-White be permitted to execute on and enforce the Court's judgment immediately.

The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file, and to close this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 16, 2026
New York, New York